**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION NO.** |
| | ) | **2:09-cr-113-WKW** |
| **WAYNE WARE** | ) | **[wo]** |
| **JAMES STEINER** | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court are Defendants' *Amended Motions for Free Transcript* (Docs. 54 and 55, filed 1/7/2010).   After conducting a hearing and due consideration of the defendants' circumstances, the Magistrate Judge recommends that the District Court **GRANT** the motions, as conditioned below.

### I.  FINDINGS OF FACT

On July 1, 2009, Defendants were jointly indicted by the Grand Jury for the Middle District of Alabama for violating 18 U.S.C. §§ 2, 371, 924(c)(1)(A), and 2119. (Doc. 1.)  Each defendant was deemed indigent by this court and received appointed counsel.  The defendants were convicted on each of the three counts in the indictment on October 1, 2009.  Family members of the defendants (who are in turn related of each other) made arrangements with present counsel to represent them at sentencing and on appeal.  Counsel entered her notice of appearance on November 23, 2009, and filed motions for free transcripts of the detention hearing and trial on December 16, 2009. (Docs. 50 and 51.)  Counsel amended her motions on January 20, 2010, to provide additional information in support of her request.  (Docs. 54 and 55).

1

Counsel seeks the transcripts from the defendants' joint detention hearing and trial in preparation for sentencing and appeal.  Counsel acknowledged during the hearing that, though she was aware this Court expects retained counsel to represent clients through appeal, special circumstances are present in this case.  Counsel agreed to represent the defendants without receiving her full quoted fee of fifteen thousand dollars ($15,000.00) in advance, and accepted the promise of relatives to pay as they could.  Counsel has received three thousand dollars ($3,000.00) from defendants' family, but the time spent preparing for sentencing has quickly exceeded that amount.  She estimates the transcripts of the detention hearing and trial will cost between two and three thousand dollars.

## II.  DISCUSSION AND ANALYSIS

The Supreme Court has long held that the Sixth Amendment guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" was "designed to assure fairness in the adversary criminal process."  *Wheat v. United States*, 486 U.S. 153, 158 (1988).  This Court issues a standard notice to retained counsel in an attempt to reinforce the duties and obligations of counsel in criminal cases.  The notice, docketed in this case on November 30, 2009, sets forth the Court's expectation that counsel will "make financial arrangements satisfactory to themselves and sufficient to provide for representation . . . until the conclusion of the defendant's case."  A case is concluded when a defendant's direct appeal is decided.  The notice concludes with a warning that only in "extraordinary, unforeseen circumstances" will the general policy be set aside.  Doc. 47.

Counsel's need for the transcripts at the critical juncture after conviction and before sentencing is apparent to the Court. While she is certainly aware of this Court's expectation that retained counsel bear all expenses through appeal, Counsel justified her request with a fairly detailed accounting of time spent on various tasks related to sentencing and appeal, including consultation with family and past counsel, document review, and legal research. The billable hours expended by Counsel have outpaced the payment received at this point, and she is operating at a deficit. It is clear to the Court that the three thousand dollars received was quickly depleted by Counsel's time already expended on behalf of defendants.

Upon the Court's inquiry, Counsel declined to transfer the $3,000.00 in fees already received to the Court and proceed as appointed counsel. Voicing confidence that the families will eventually remit the agreed-upon fee, she wishes to continue in a retained capacity. However much this may also be the defendants' wish, additional motions seeking privileges reserved for *in forma pauperis* defendants will not be indulged, as "the essential aim of the Sixth Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *United States v. Calderon,* 127 F.3d 1314, 1343 (11th Cir. 1997), quoting *Wheat,* 486 U.S. at 159. As the Supreme Court stated clearly and simply in *Wheat,* "a defendant may not insist on representation by an attorney he cannot afford." *Wheat, id.*

The Court recommends that the District Judge grant the motions, with the condition that Counsel agrees to pay for the transcripts when additional funds are

ML:

received from the families.  The Court may invoke its privilege of *in camera* review to determine when payment is appropriate.  *See generally United States v. Sims*, 845 F.2d 1564 (11th Cir. 1988).  This strikes a balance between this Court's strong policy against making expenditures in cases where counsel is retained, and its concern that defendants who appear before it receive an adequate defense.

### III.  CONCLUSION

Pursuant to the foregoing findings and conclusions, it is the **RECOMMENDATION** of the Magistrate Judge that Defendants' *Amended Motions for Free Transcripts* (Doc. 54 and 55) be **GRANTED,** and the original Motions (Docs. 50 and 51) be **DENIED AS MOOT**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation not later than **February 11, 2010.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)

(*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981).

DONE this 29th day of January, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE